IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV197

| | | |
|---|---|---|
| RAUCH INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHRISTOPHER RADKO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon Defendant Radko's Motion to Strike certain allegations in the Second Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because the allegations are scandalous, impertinent or immaterial. Radko seeks to strike the allegations contained in paragraphs 25, 26, 31 (fifth sentence), 36 (last four words), 41, 45 (last sentence) and 46.

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike "from any pleading any . . .immaterial, impertinent, or scandalous matter." Motions to strike are generally viewed with disfavor and are considered a "drastic remedy." Waste Mgmt. Holdings, Inc. v Gilmore, 252 F.3d 316, 348 (4th Cir. 2001). Such motions are denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004). Finally, any doubts about the relevance of a challenged allegation should be resolved by denying the motion to strike. Id.

The court has reviewed the Second Amended Complaint and the allegations in the above-referenced paragraphs that Radko seeks to have stricken. The court finds that at this stage of the litigation, it is impossible to determine that the allegations at issue "have no possible relation or logical connection" to the lawsuit. Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion to Strike is hereby DENIED.

Signed: January 5, 2009

Graham C. Mullen
United States District Judge